CHICAGO—FIRST DISTRICT—MARCH, 1918.    529

Globe Wernicke Co. v. Siegel Myers S. of M., 209 Ill. App. 529.

## Globe Wernicke Company, Appellee, v. Siegel Myers School of Music, Appellant.

### Gen. No. 23,873.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded with directions. Opinion filed March 5, 1918.

### Statement of the Case.

Action by the Globe Wernicke Company, a corporation, plaintiff, against Siegel Myers School of Music, a corporation, defendant, for goods sold and delivered. From a judgment for plaintiff for $391.57, defendant appeals.

ARCHIBALD CATTELL, for appellant; CARL A. WALDRON, of counsel.

EDWARD L. ENGLAND, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. COMPOSITIONS WITH CREDITORS, § 2*—*necessity of strict enforcement of composition agreement.* A composition agreement must be strictly and punctually enforced, and creditors who are parties thereto must, on their part, carry out the agreement with the greatest good faith and will not be allowed to repudiate it.

2. COMPOSITIONS WITH CREDITORS, § 1*—*when supported by sufficient consideration.* Where several creditors agree with a debtor to extend the time for the payment of his obligations to them, the promise of each creditor to the others constitutes a sufficient consideration to support the promise of each creditor, and where the agreement is carried out in good faith, a creditor who is a party

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Globe Wernicke Co. v. Siegel Myers S. of M., 209 Ill. App. 529.

thereto is barred from bringing an action on his original claim against the debtor, pending the composition agreement.

3. COMPOSITIONS WITH CREDITORS, § 2*—*what does not constitute breach of composition agreement.* An agreement between the creditors of a corporation and the debtor provided that the creditors should elect a trustee who should be placed in control of the business and property of the corporation. The creditors, the debtor and the trustee agreed that the debtor should receive an extension of time as long as the business should be conducted pursuant to the agreement, and the creditors agreed to receive payment of their claims proportionately as directed by the trustee. The trustee was given discretionary power to manage the business of the corporation to secure the payment of the claims and a majority of the stock was placed in his hands with power to vote it. The trust agreement also provided for the payment of certain dividends to the creditors at specified intervals after the payment of the trust expenses. After some dividends were paid, those remaining unpaid were passed, and the trust was, by agreement, extended to a certain date, specified dividend payments being provided for. Before the date of expiration, a further extension was agreed upon by the creditors, the resolution also passing the unpaid dividends and authorizing a payment of a certain dividend each month, "as near as may be," and the creditors voted the trustee $500 for his services. *Held*, that the payments of dividends directed by the last extension were not intended to constitute a contract binding on the trustee, the creditors and the debtor, but the provision in regard thereto merely constituted a direction to the trustee to make such a distribution and was dependent upon profits accruing from the operation of the business, and that a failure to pay dividends as provided does not constitute a breach of the agreement, permitting a creditor to sue on his claim.

4. COMPOSITIONS WITH CREDITORS, § 2*—*when creditor may not repudiate composition agreement.* A creditor who has become a party to a trust agreement under which the debtor has conveyed its property to a trustee to be managed for the creditors, and who has acquiesced for 3 years in the agreement and has received dividends distributed by the trustee pursuant to its terms, cannot thereafter repudiate the agreement and sue on his claim before the termination of the agreement or of authorizd extensions of it.

5. COMPOSITIONS WITH CREDITORS, § 2*—*when creditor is not released from composition agreement.* The fact that, at a meeting of pensation, does not release a creditor from the agreement nor voted a certain sum in payment of his services, the trustee held enough proxies of creditors to enable him to vote himself the com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pensation, does not release a creditor from the agreement and authorize him to sue on his claim before the agreement expires, especially where he made no objection on this ground for several months and received and retained dividends distributed under the agreement pursuant to a resolution which was adopted at the same meeting at which the trustee was voted such compensation.